IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| OLIN GRIMSLEY, # 168065, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>JOHN CROW, *et al.*, )<br>)<br>Respondents. ) | Civil Action No. 2:18cv492-WKW<br>[WO] |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a *pro se* petition for writ of habeas corpus by a person in state custody, *see* 28 U.S.C. § 2254, filed by Olin Grimsley on May 1, 2018. Doc. 1. Grimsley challenges his conviction for first-degree robbery entered in the Circuit Court of Montgomery County in April 1994. The trial court sentenced Grimsley to life in prison. For the reasons that follow, it is the recommendation of the Magistrate Judge that Grimsley's § 2254 petition be denied and this case be dismissed.

## I.  DISCUSSION

The records of the court indicate this is Grimsley's second habeas corpus petition under 28 U.S.C. § 2254 challenging his robbery conviction and life. Grimsley filed his first § 2254 petition with this court in March 1997. *See Grimsley v. Hightower, et al.*, 2:97cv320-WHA (M.D. Ala. 1999), Doc. 1. In that habeas action, this court denied Grimsley relief on all claims in his petition and dismissed the case with prejudice on July 28, 1999. *See id.*, Docs. 40 & 42.

Under 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(1) or (b)(2)]."[1] 28 U.S.C. § 2244(b)(3)(B) & (C).

Grimsley's instant § 2254 petition is a second or successive petition subject to the limitations of § 2244(b). In denying his original § 2254 petition, this court adjudicated Grimsley's claims on the merits. *See Dunn v. Singletary*, 168 F.3d 440, 442 (11th Cir. 1999) (holding that a prisoner's petition was second or successive, as his initial § 2254 petition was "litigated to a conclusion on the merits" when the district court determined

---

[1] Section 2244(b)(1) provides: "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." Section 2244(b)(2) provides:
> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

that the claims in the petition were "substantively without merit"). Grimsley furnishes no certification from the Eleventh Circuit Court of Appeals authorizing this court to proceed on his successive petition for habeas corpus relief.[2]  "Because this undertaking [is a successive] habeas corpus petition and because [Grimsley] had no permission from [the Eleventh Circuit] to file a [successive] habeas petition, . . . the district court lack[s] jurisdiction to grant the requested relief." *Gilreath v. St. Bd. of Pardons & Paroles*, 273 F.3d 932, 933 (11th Cir. 2001); *see Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (providing that, without an order from the court of appeals authorizing the district court to consider a successive habeas petition, the district courts lack jurisdiction to consider the petition). Consequently, the instant petition for writ of habeas corpus should be denied and this case dismissed.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Grimsley's petition for writ of habeas corpus under 28 U.S.C. § 2254 be denied and this action be DISMISSED in accordance with the provisions of 28 U.S.C. § 2244(b)(3)(A), as Grimsley has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing a federal district court to consider his successive habeas application.

It is further ORDERED that the parties shall file any objections to this Recommendation on or before **June 19, 2018.** Any objections filed must specifically

---

[2] A review of the Eleventh Circuit's docket on the Public Access to Court Electronic Records system indicates that Grimsley has not filed an application with the Eleventh Circuit seeking an order authorizing this court to consider a second or successive § 2254 petition for writ of habeas corpus.

identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the parties object.  Frivolous, conclusive or general objections will not be considered by the District Court.  Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE on the 5th day of June, 2018.

/s/ Gray M. Borden
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE