IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| OLIN GRIMSLEY, #168065, | ) ) ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) ) | CASE NO. 2:18-CV-492-WKW [WO] |
| JOHN CROW, Warden, and STEVEN T. MARSHALL, Attorney General of the State of Alabama, | ) ) ) ) ) ) | |
| Respondents. | ) | |

# **ORDER**

On June 5, 2018, the Magistrate Judge filed a Recommendation (Doc. # 2), to which Petitioner Olin Grimsley has timely objected (Doc. # 3). Mr. Grimsley objects to the Magistrate Judge's characterization of his habeas corpus application as a second or successive petition subject to the limitations of 28 U.S.C. § 2244(b). He contends that a petition claiming actual innocence pursuant to the gateway afforded by *Schlup v. Delo*, 513 U.S. 298 (1995), is not subject to the ordinary second-or-successive requirements but is instead a different path entirely. (Doc. # 3, at 2–3.) But while *Schlup* can provide a narrow gateway for certain claims that might otherwise be procedurally or time barred, it is § 2244(b) — not *Schlup*

— that "govern[s] second or successive petitions." *Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1359 (11th Cir. 2007) (rejecting petitioner's claim that he can rely on *Schlup* to bypass § 2244(b)). As the Supreme Court has explained, this is because, in legislating against the backdrop of *Schlup*, Congress enacted additional requirements in § 2244(b) that "reflect Congress' will to *modify* the miscarriage of justice exception with respect to second-or-successive petitions." *McQuiggin v. Perkins*, 569 U.S. 383, 396 (2013). Accordingly, *Schlup* can only provide alternative pathways to those provisions that "do *not* demonstrate Congress' intent to preclude courts from applying the exception, unmodified," *id.* (emphasis added), such as those governing untimely *first* federal habeas petitions. Mr. Grimsley's petition does not fit within one of these exceptions.

Therefore, it is ORDERED that the Recommendation is ADOPTED and that this case is DISMISSED in accordance with the provisions of 28 U.S.C. § 2244(b)(3)(A) because Mr. Grimsley has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing a federal district court to consider his successive habeas application.

Final judgment will be entered separately.

DONE this 21st day of June, 2018.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE